**Signed as modified by the Court.**

**The below described is SIGNED.**

**Dated: December 1, 2014**

R. Kimball Mosier

**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**



Prepared by:
Paul James Toscano, Bar #3280
PAUL TOSCANO, P.C.
10 Exchange Place, Ste 614
Salt Lake City, UT 84095
Telephone:  (801) 359-1313
ptoscano@expresslaw.com
Attorney for Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:<br><br>MEZZANINE, INC. dba NORMANDIE CAFÉ & BAKERY<br><br>Debtor-in-Possession | Case No.:  12-34490 RKM<br><br>Chapter:  11<br><br>FILED ELECTRONICALLY |
|---|---|

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF THE DEBTOR'S AMENDED PLAN OF LIQUIDATION FILED OCTOBER 15, 2014,**

---

On December 1, 2014, at 1:00 o'clock p.m. MST, a continued hearing on Court-ordered shortened notice was held on the Debtor-in-possession (DIP) Motion seeking confirmation of its Amended Small Business Chapter 11 Plan of Liquidation filed on October 15, 2014, with the proposed Plan modifications set forth in the Notice of continued hearing and modifications filed on November 20, 2014 and served upon parties in interest (Docket No. 181) (hereinafter "Plan").

Having heard the proffers and representation of counsel attending the December 1, 2014, continued hearing and good cause appearing, the Court hereby makes the following

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The DIP's notice of confirmation and notice of continued hearing and clarifying modifications is adequate.

2. The Disclosure Statement that has been combined with the Plan pursuant to this Court's October 14, 2014 Order Determining that a Separate Amended Disclosure Statement is not Necessary Pursuant to 11 U.S.C. 1125(f)(1) and (2) is adequate pursuant to 11 U.S.C. §1125(b).

3. The Plan meets the requirements of 11 U.S.C. §1129(a) ~~or, in the alternative, §1129(b)~~ and is confirmable with the following clarifying modifications:

   a. The assets of the bankruptcy estate consist of funds in the Debtor-in-Possession's ("DIP") bank account(s) with US Bank in the amount of $60,089.67 as of December 1, 2014.

   b. The sum of $60,000.00 of the funds in the aforesaid account(s) represent the proceeds of the sale of the DIP's assets pursuant to the Order of the Bankruptcy Court entered September 8, 2014 ("the sale proceeds") .

   c. The aforesaid sale proceeds are subject to the secured claims identified in Class 2 of the Plan ("the Class 2 secured creditors") and may also be subject to a disputed interest of Robert Bowen, minority interest holder in the DIP and the highest bidder and purchaser of the assets) and the decedent's estate of Cynthia Bowen, a minority interest holder in the DIP (jointly "the Bowens").

d. Upon confirmation of the Plan, the DIP will become the Reorganized Debtor ("RD") and, upon resolution of any disputes or claims against the sale proceeds, shall distribute the sale proceeds to the Class 2 secured creditors and to any valid interest of the Bowens as agreed by the Class 2 secured creditors and the Bowens or as determined by order of the Court. To the extent the parties do not agree to the priority of the claims and interest and the distribution of the proceeds on or before the effective date, the RD shall, within 14 days thereafter, commence a proceeding to determine the validity and priority of the secured claims and interests to resolve any such dispute or claim.

e. The RD shall pay in full prior to the effective date any unpaid quarterly fee under 28 U.S.C. §1930(a)(6) currently estimated at $975 and shall also pay any fees under 28 U.S.C. §1930(a)(6) to become due after entry of the Confirmation Order until the case is closed, dismissed or converted to another chapter of the Code. Such fee payments shall be made from funds in the bank accounts in excess of the sale proceeds or from the sale proceeds to the extent the party entitled to payment of such sale proceeds so agrees.

f. Any other party asserting any right to payment of an administrative expense from the estate under 11 U.S.C. §503(b) shall file a request for allowance of such expense on or before the earlier of December 15, 2014, or 14 days following the entry of the Confirmation Order. Any such allowed administrative expenses shall be paid only from any funds remaining in the RD's bank accounts after payment of the sale proceeds and payment of amounts owed under 28 U.S.C. §1920(a)(6) as set forth in subparagraphs d. and e. above, except that any such allowed

    administrative expenses may be paid from sale proceeds to the extent the party entitled to payment of such sale proceeds so agrees.

g. Any other claims entitled to priority under 11 U.S.C. §507(a)(3) – (10) shall be paid in the order of priority set forth in 11 U.S.C. §507(a) only to the extent funds remain available after payment in full of administrative expenses as set forth in subparagraph f above.

h. No distributions will be made to Class 3 General Unsecured Creditors or Class 4 Equity Security Holders.